UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

MARGARET M.,[1]  Case No. 6:20-cv-00799-MK

        Plaintiff, **OPINION AND ORDER**

  v.

COMMISSIONER, Social Security Administration,

        Defendant.

**Kasubhai,** United States Magistrate Judge:

      Plaintiff Margaret M. seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for disability insurance benefits ("DIB") under the Social Security Act (the "Act"). This Court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g). All parties have consented to allow a Magistrate Judge to enter final orders and judgement in this case in accordance with Federal Rule of Civil Procedure 73 and 28 U.S.C. § 636(c). *See* ECF No. 4. For the reasons that follow, the Commissioner's final decision is REVERSED.

---

[1] In the interest of privacy, the Court uses only the first name and last name initial of non-government parties whose identification could affect Plaintiff's privacy.

Page 1 — OPINION AND ORDER

## PROCEDURAL BACKGROUND

Plaintiff filed an application for DIB in April 2017 with an amended alleged onset date of July 1, 2016. Tr. 16, 35, 63–65.[2] Plaintiff's application was denied initially and upon reconsideration. Tr. 16, 64–75, 77–91. Thereafter, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), and a hearing was held in April 2019. Tr. 16–25, 32–62. On April 22, 2019, an ALJ issued a partially favorable decision finding Plaintiff disabled within meaning of the Act after January 6, 2019, for purposes of her SSI claim, but not disabled prior to that date for purposes of her DIB claim. Tr. 16–25. The Appeals Council denied Plaintiff's request for review on March 24, 2020, making the ALJ's decision the final decision of the Commissioner. Tr. 1–3. This appeal followed.

## FACTUAL BACKGROUND

Born in 1964, Plaintiff was 52 years old on her alleged onset date. Tr. 63. She has a college degree and past relevant work as a cashier, financial analyst, and an administrative assistant. Tr. 23, 180. Plaintiff alleges disability due to fibromyalgia, migraine headaches, and depression. Tr. 44–46, 64–65.

## LEGAL STANDARD

The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation omitted). The court

---

[2] "Tr." Citations are to the Administrative Record. ECF No. 9.

must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). "Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's." *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007); *see also Burch v. Barnhart*, 400 F.3d 676, 680–81 (9th Cir. 2005) (holding that the court "must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation"). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quotation omitted).

The initial burden of proof rests upon the claimant to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920. First, the Commissioner determines whether a claimant is engaged in "substantial gainful activity"; if so, the claimant is not disabled. *Yuckert*, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b). At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140–41; 20 C.F.R. §§ 404.1520(c), 416.920(c). A severe impairment is one "which significantly limits [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c) & 416.920(c). If not, the claimant is not disabled. *Yuckert*, 482 U.S. at 141. At step three, the Commissioner

determines whether the impairments meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Id.*; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the analysis proceeds. *Yuckert*, 482 U.S. at 141.

At this point, the Commissioner must evaluate medical and other relevant evidence to determine the claimant's "residual functional capacity" ("RFC"), an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations his impairments impose. 20 C.F.R. §§ 404.1520(e), 404.1545(b)–(c), 416.920(e), 416.945(b)–(c). At the fourth step, the Commissioner determines whether the claimant can perform "past relevant work." *Yuckert*, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can work, he is not disabled; if he cannot perform past relevant work, the burden shifts to the Commissioner. *Yuckert*, 482 U.S. at 146 n.5. At step five, the Commissioner must establish that the claimant can perform other work that exists in significant numbers in the national economy. *Id.* at 142; 20 C.F.R. §§ 404.1520(e)–(f), 416.920(e)–(f). If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

At step one, the ALJ found that Plaintiff met the insured requirements of the Act and had not engaged in substantial gainful activity since her alleged onset date. Tr. 18. At step two, the ALJ found that Plaintiff had the following severe impairments: lumbar spine degenerative disc disease, fibromyalgia, and depression. *Id*. At step three, the ALJ found that Plaintiff did not have an impairment or combination thereof that met or medically equaled the severity of a listed impairment. Tr. 19. The ALJ found that Plaintiff had the RFC to perform light work as defined in 20 CFR 404.1567(b) except that she could occasionally climb ladders, ropes, or scaffolds, and

could occasionally stoop, and was limited to performing simple, routine tasks. Tr. 20. At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. Tr. 23. At step five, the ALJ found, in light of Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy such that Plaintiff could sustain employment despite her impairments. Tr. 23–24. The ALJ thus found Plaintiff was not disabled within the meaning of the Act. Tr. 25.

## DISCUSSION

Plaintiff asserts remand is warranted for three reasons: (1) the ALJ erroneously omitted migraines as a severe impairment at step two; (2) the ALJ failed to give clear and convincing reasons to reject Plaintiff's subjective symptom testimony; and (3) the ALJ failed to give legally sufficient reasons for rejecting treating source medical opinions.

### I. Step Two Finding

The Court construes Plaintiff's contention that the ALJ's lack of discussion of her migraines as a step two challenge. Pl.'s Br. 4–7. At step two, the Commissioner must determine whether the claimant has a "medically severe impairment or combination of impairments." *Stout v. Comm'r Soc. Sec Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *see also Keyser v. Comm'r of Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011). A severe impairment "significantly limits" a claimant's "physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1522(a), 416.922(a). The step two threshold, however, is low:

> [A]n impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work . . . . [T]he severity regulation is to do no more than allow the Secretary to deny benefits summarily to those applicants with impairments of a minimal nature which could never prevent a person from working.

SSR 85-28, *available at* 1985 WL 56856 at *2 (Nov. 30, 1984) (internal quotations omitted). Put differently, the step two inquiry "is 'a *de minimis* screening device to dispose of groundless claims.'" *Edlund v. Massanari*, 253 F.3d 1152, 1158 (9th Cir. 2001) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996)).

The Ninth Circuit has held, however, that an error in failing to designate a specific impairment as severe can be harmless where it does not prejudice a claimant because the ALJ nonetheless considers the impact of the impairment in formulating the claimant's RFC. *Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005) (holding that any error in omitting an impairment at step two was harmless when step two was resolved in claimant's favor); *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017) (finding harmless error where the ALJ neglected to find "antisocial personality disorder" severe but nonetheless considered the claimant's "personality disorder" in crafting the RFC).

The ALJ here did not include migraines as severe at step two, despite the fact that it was among the impairments listed on Plaintiff's application and was amply supported by the record. Tr. 18, 188; *see also* Tr. 270, 290, 294. The Commissioner asserts any error was harmless because step two was resolved in Plaintiff's favor relying on *Burch*, 400 F.3d at 682 and *Buck*, 869 F.3d at 1049. Def.'s Br. 5. Those cases, however, are inapplicable here. Unlike *Burch* and *Buck*, there is no indication that the ALJ considered the effects of Plaintiff's migraines elsewhere in the decision in the form of some other impairment.

The ALJ's only discussion of Plaintiff's migraines came in the form of his summary of Plaintiff's hearing testimony, which he ultimately rejected. Tr. 20 ("At the hearing, the claimant testified that she experiences migraine headaches 3–4 times per month."). An independent review of the record reflects that Plaintiff's migraines more than met the minimal requirements

to cross the *de minimis* step two threshold. Plaintiff's migraines have persisted since at least 2013. Tr. 342. Plaintiff testified that because of the pain related to her migraines, she "was just unable [] to function" and "come into work." Tr. 44. In 2018, Plaintiff's medical reports reveal she had between "2–3 migraines per month" that "last for 2–3 days" at a time. Tr. 659.

As such, the Court finds that the ALJ harmfully erred by failing to include Plaintiff's migraines among her severe impairments at step two.

**II. Subjective Symptom Testimony.**

Plaintiff argues that the ALJ rejected her symptom testimony for reasons that were neither clear nor convincing. Pl's Br. 2–13. When a claimant has medically documented impairments that could reasonably be expected to produce some degree of the symptoms complained of, and the record contains no affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of . . . symptoms only by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996) (internal citation omitted). A general assertion [that] the claimant is not credible is insufficient; instead, the ALJ must "state which . . . testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). The reasons proffered must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (internal citation omitted). If the ALJ's finding regarding the claimant's subjective symptom testimony is "supported by substantial evidence in the record, [the court] may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (internal citation omitted).

Social Security Ruling ("SSR") 16-3p provides that "subjective symptom evaluation is not an examination of an individual's character," and requires that the ALJ consider all the evidence in an individual's record when evaluating the intensity and persistence of symptoms.[3] SSR 16-3p, *available at* 2016 WL 1119029, at *1–2. The ALJ must examine "the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." *Id.* at *4.

During the administrative hearing, Plaintiff testified that she experienced migraine headaches 3–4 times per month, and depending on the severity, she was left incapacitated for the rest of the day. Tr. 45–47. On days she had severe migraines, Plaintiff struggles getting out of bed. Tr. 47. She takes pain medication and then returns to her bed, and once the medication takes effect, she transitions to her recliner. Tr. 48. After this, Plaintiff pushes herself to accomplish one chore for the day. *Id*.

The ALJ highlighted Plaintiff's ability to travel and "active lifestyle." Tr. 21. Specifically, the ALJ discounted Plaintiff's testimony finding her activities of daily living were inconsistent with her alleged function level, including Plaintiff's ability to travel to: California for one month; New York for seven weeks; and Hawaii. Tr. 21. The ALJ also found that providing care for Plaintiff's granddaughter undermined her testimony. *Id*.

Activities of daily living can form the basis for an ALJ to discount a claimant's testimony in two ways: (1) where the activities "contradict [a claimant's] testimony"; or (2) as evidence a

---

[3] Effective March 28, 2016, SSR 16-3p superseded and replaced SSR 96-7p, which governed the assessment of claimant's "credibility." *See* SSR 16-3p.

claimant can work if the activities "meet the threshold for transferable work skills." *Orn*, 495 F.3d at 639. A claimant, however, need not be utterly incapacitated to receive disability benefits, and sporadic completion of minimal activities is insufficient to support a negative credibility finding. *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001); *see also Reddick*, 157 F.3d at 722 (9th Cir. 1998) (requiring the level of activity to be inconsistent with the claimant's alleged limitations to be relevant to her credibility).

Viewed in context, Plaintiff's activities do not conflict with her allegations. As to Plaintiff's general ability to travel, the record reveals that when she did, she frequently overexerted herself and typically required significant recuperation upon return. For example, when plaintiff traveled to California to assist her mother after surgery, she reported to her doctor upon return that she "[o]ver did it while there." Tr. 694. When Plaintiff traveled to New York for the birth of her granddaughter, she testified she was "miserable" because she was "in a lot of pain." Tr. 52. Plaintiff testified that after her flight she required "a day or two recovering." Tr. 52–53.

As for her trip to Hawaii, the ALJ failed to describe how engaging in walking and limited swimming and snorkeling sessions conflicted with her testimony. As this Court has observed an "ALJ's mere recitation of a claimant's activities is insufficient to support rejection of the claimant's testimony as a matter of law." *David H. v. Comm'r, Soc. Sec. Admin.*, No. 3:19-cv-00571-MK, 2020 WL 1970811, at *4 (D. Or. Apr. 24, 2020) (citation and bracketing omitted).

Finally, in relation to Plaintiff's care for her granddaughter, in *Trevizo v. Berryhill* the Ninth Circuit implied that with an adequately developed record, childcare responsibilities "that are incompatible with the severity of symptoms alleged" *could* support an adverse credibility determination. 871 F.3d 664, 682 (9th Cir. 2017) (quoting *Ghanim v. Colvin*, 763 F.3d 1154,

Page 9 — OPINION AND ORDER

1165 (9th Cir. 2014)). However, because "there [was] almost no information in the record about [the claimant's] childcare activities," the court held "the mere fact that [the claimant cared] for small children [did] not constitute an adequately specific conflict with her reported limitations." *Id.*

That same reasoning applies with equal force here. In other words, other than generally summarizing Plaintiff's activities, the ALJ failed to explain how any of the listed activities undermined her subjective symptom testimony. *See Vertigan*, 260 F.3d at 1050 ("This court has repeatedly asserted that the mere fact that a Plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability. One does not need to be 'utterly incapacitated' in order to be disabled.") (quoting *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)). As such, Plaintiff's daily activities, limited travel to see family, and care for her granddaughter were not clear and convincing reasons to reject Plaintiff's testimony.[4]

### III. Medical Evidence

Plaintiff challenges the ALJ's assessment of the medical opinion evidence. Pl.'s Br. 13–20. For disability claims filed on or after March 27, 2017, new regulations for evaluating medical opinion evidence apply. *Revisions to Rules Regarding the Evaluation of Medical Evidence* ("*Revisions to Rules*"), 2017 WL 168818, 82 Fed. Reg. 5844, at *5867–68 (Jan. 18, 2017); *see also Tyrone W. v. Saul*, No. 3:19-cv-01719-IM, 2020 WL 6363839, at *6 (D. Or. Oct. 28, 2020)

---

[4] The Commissioner argues that the record contradicted the severity of Plaintiff's symptoms. Def.'s Br. 8. However, this is an impermissible *post hoc* rationalization upon which this Court may not affirm. *See Bray v. Comm'r of Soc. Sec. Admin.,* 554 F.3d 1219, 1225 (9th Cir. 2009) ("Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking.").

("For claims filed on or after March 27, 2017, Federal Regulation 20 C.F.R. § 416.920c governs how an ALJ must evaluate medical opinion evidence.").

Under the new regulations, the Commissioner is no longer required to supply "specific evidentiary weight to medical opinions; this includes giving controlling weight to any medical opinion." *Allen O. v. Comm'r of Soc. Sec.*, 3:19-cv-02080-BR, 2020 WL 6505308, at *5 (D. Or. Nov. 5, 2020) (citing *Revisions to Rules*, 2017 WL 168819, at *5867–68). Instead, ALJs must consider every medical opinion in the record and evaluate each opinion's persuasiveness. 20 C.F.R. §§ 404.1520c(a), 416.920c(a). The two most important factors in doing so are the opinion's "supportability" and "consistency." *Id.* ALJs must articulate "how [they] considered the supportability and consistency factors for a medical source's medical opinions . . . in [their] decision." 20 C.F.R. §§ 404.1520c(b)(2), 416.1520c(b)(2). With regard to supportability, the "more relevant the objective medical evidence and supporting explanations presented by a medical source are to support [their] medical opinion[], the more persuasive the medical opinions . . . will be." 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). As to consistency, the "more consistent a medical opinion[] is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) . . . will be." 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2). ALJs may consider other factors relating to the providers relationship with the claimant; however, they are not required to do so except in a limited number of circumstances. 20 C.F.R. §§ 404.1520c(b)(3), 416.1520c(b)(3).

The parties do not dispute that the new regulations apply. They do, however, dispute the impact the new regulations have on existing Ninth Circuit caselaw. *See, e.g.*, *Robert S. v. Saul*, No. 3:19-cv-01773-SB, 2021 WL 1214518, at *4 (D. Or. Mar. 3, 2021) (noting that "the Commissioner revised agency regulations to eliminate the hierarchy of medical opinions");

*Thomas S. v. Comm'r of Soc. Sec.*, 2020 WL 5494904, at *2 (W.D. Wash. Sept. 11, 2020) (noting that the "hierarchy [for treatment of medical opinion evidence] underpinned the requirement in the Ninth Circuit that an ALJ must provide clear and convincing reasons to reject an uncontradicted doctor's opinion and specific and legitimate reason where the record contains contradictory opinion"). The Ninth Circuit has not yet addressed whether or how the new regulations alter the standards set forth in prior cases for rejecting medical opinion evidence. *See Robert S.*, 2021 WL 1214518, at *4 (D. Or. Mar. 3, 2021) (collecting cases).

Given the Act's broad grant of authority to the agency to adopt rules regarding "proofs and evidence," prior caselaw must yield to the Commissioner's new, permissible regulations to the extent older cases expressly relied on the former regulations. *Bowen v. Yuckert*, 482 U.S. 137, 145 (1987) ("The Act authorizes the Secretary to 'adopt reasonable and proper rules and regulations to regulate and provide for the nature and extent of the proofs and evidence and the method of taking and furnishing the same' in disability cases." (citing 42 U.S.C. § 405(a)); *Nat'l Cable & Telecommunications Ass'n v. Brand X Internet Servs.*, 545 U.S. 967, 982–83 (2005) (holding that courts should grant *Chevron* deference to regulatory changes that conflict with prior judicial precedent, unless a court's prior construction followed from the unambiguous terms of the statute and thus left no room for agency discretion); *Emilie K. v. Saul*, 2021 WL 864869, at *4 (E.D. Wash. Mar. 8, 2021) (collecting cases and observing "[m]ost District Courts to have addressed this issue have concluded that the regulations displace Ninth Circuit precedent").

The new regulations do not, however, upend the Ninth Circuit's entire body of caselaw relating to medical evidence, which remain binding on this Court. For example, it remains true that ALJs may not cherry-pick evidence in discounting a medical opinion. *Ghanim*, 763 F.3d at

1162; *see also Holohan v. Massanari*, 246 F.3d 1195, 1207 (9th Cir. 2001) (reversing ALJ's selective reliance "on some entries in [the claimant's records while ignoring] the many others that indicated continued, severe impairment"). Nor may ALJs dismiss a medical opinion without providing a thorough, detailed explanation for doing so:

> To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim. The ALJ must do more than offer his own conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct.

*Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1299 (9th Cir. 1999) (citation omitted). In other words, while the new regulations eliminate the previous hierarchy of medical opinion testimony that gave special status to treating physicians, ALJs must still provide sufficient reasoning for federal courts to engage in meaningful appellate review. *See Bunnell v. Sullivan*, 947 F.2d 341, 346 (9th Cir. 1991) (explaining that "a reviewing court should not be forced to speculate as to the grounds for an adjudicator's rejection" of certain evidence); *see also Treichler v. Commissioner of Social Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014) ("Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence."). With these principles in mind, the Court turns to the ALJ's assessment of the medical evidence.

### A. William Salbador, M.D.

Dr. Salbador began serving as Plaintiff's treating psychiatrist in 2013, and saw Plaintiff about every 4–6 weeks. Tr. 481–565, 675–96. Dr. Salbador submitted a medical source statement in 2017, explaining that in his clinical opinion Plaintiff was "not capable of working full time"

and that "she will not have a significant improvement in her functional status within the next 12 months." Tr. 566.

   B. **James Morris, M.D.**

Dr. Morris began treating Plaintiff for pain management in 2011, and saw Plaintiff approximately every 3 months. *See* Tr. 352, 432, 697. In a March 2019 letter in support of Plaintiff's disability claim, he explained:

> She was diagnosed with fibromyalgia in 2004. She has a long history of intractable migraines. She also is diagnosed with mood disorder and sees psychiatry regularly. She has been treated with a variety of medications, physical therapy, counseling, exercise, and alternative treatments. Despite good compliance with treatment and ongoing consistency in her efforts, she is unable to sustain full-time employment as a result of chronicity of her conditions, their combined effects, as well as the effects of aging. It is likely that this impairment is permanent.
>
> It is unlikely that she would be able to engage an 8 hour per day job with normal breaks on a 5 day per week basis. She does experience flareups in her condition which may completely incapacitate her for several days at a time. These flareups happen regularly, often on a monthly basis.

Tr. 697.

The ALJ rejected the opinions because both doctors failed to provide a functional assessment indicating how Plaintiff's impairments limit her functioning "other than their conclusory findings that [Plaintiff] would be unable to maintain a regular work schedule." *Id*. The Commissioner asserts this was proper because statements on the ultimate issue of disability are "inherently neither valuable nor persuasive to the issue of whether [a claimant is] disabled." Def.'s Br. 13–14 (quoting 20 C.F.R. § 404.1520b(c)(1)–(3)).

As a general premise, the Court agrees: the ALJ was not required to comment on the doctors' ultimate conclusion that Plaintiff was disabled. *See* 20 C.F.R. §§ 404.1520b(c)(3),

416.1520c(c)(3). Accordingly, the ALJ's rejection of Dr. Salbador's disability opinion is affirmed because his opinion was limited solely to whether Plaintiff was in fact disabled.

However, the ALJ erred insofar as he did not articulate any rationale for rejecting Dr. Morris' conclusion that Plaintiff would not be able to "engage an 8 hour per day job with normal breaks on a 5 day per week basis" and his conclusion that Plaintiff experiences monthly flareups. Tr. 697. Significantly, the Court notes that the ALJ's discussion of Drs. Salbador and Morris opinions fails to cite to any of the relevant medical evidence in the record and fails to discuss the relevant factors relating to "supportability" and "consistency" of the opinions. *Regennitter*, 166 F.3d at 1299 ("The ALJ must do more than offer his own conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct."); 20 C.F.R. §§ 404.1520c(b)(2), 416.1520c(b)(2). As such, the ALJ failed to supply a legally permissible rationale for rejecting Dr. Morris' opinion and this case must be remanded.

## IV. Remand

A reviewing court has discretion to remand an action for further proceedings or for a finding of disability and an award of benefits. *See, e.g., Stone v. Heckler*, 761 F.2d 530, 533 (9th Cir. 1985). Whether an action is remanded for an award of benefits or for further proceedings depends on the likely utility of additional proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000). In determining whether an award of benefits is warranted, the court conducts the "three-part credit-as-true" analysis. *Garrison*, 759 F.3d at 1020. Under this analysis the court considers whether: (1) the ALJ has failed to provide legally sufficient reasons for rejecting evidence; (2) the record has been fully developed and further proceedings would serve no useful purpose; and (3) if the improperly discredited evidence were credited as true, the ALJ would be

required to find the claimant disabled on remand. *See Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015).

Here, the first requisite is met based on the errors discussed above. The ALJ failed to find Plaintiff's migraines severe at step two, failed to provide clear and convincing reasons for rejecting Plaintiff's subjective symptom testimony, and failed to provide legally sufficient reasons for rejecting Dr. Morris' opinion. As to the second requisite, the Ninth Circuit has held that remanding for proceedings rather than for an immediate payment of benefits serves a useful purpose where "the record has [not] been fully developed [and] there is a need to resolve conflicts and ambiguities." *Treichler*, 775 F.3d at 1101 (internal quotations and citations omitted). The Court finds that the record has not been fully developed as to the impact of Plaintiff's impairments on her ability to function in the workplace and would benefit from further development. For example, although the VE testified that a claimant who missed approximately three days per month from work would be unable to sustain employment, it not entirely clear how Plaintiff's flareups would alter her ability to maintain regular attendance in the workplace. *Compare* Tr. 60–61, *with* Tr. 697.

Accordingly, this case is remanded for further administrative proceedings. Upon remand, the ALJ shall (1) find as severe, and consider in crafting her RFC, Plaintiff's migraine headaches; (2) reevaluate Plaintiff's subjective symptom testimony; and (3) allow Plaintiff to supplement the opinions of Drs. Salvador and Morris to the extent the doctors can supply more detailed functional limitations and conduct a *de novo* review of the medical opinion evidence; and (4) conduct any further necessary proceedings.

## CONCLUSION

For the reasons discussed above, the ALJ's decision is not supported by substantial evidence. Accordingly, the Commissioner's decision is REVERSED and this case REMANDED pursuant to sentence four of 42 U.S.C. §405(g) for further proceedings consistent with this Opinion and Order.

IT IS SO ORDERED.

DATED this 8th day of July 2021.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States Magistrate Judge